Good morning, and may it please the Court, David Shimon on behalf of the appellants. Let me first address the appellate jurisdiction issue that you've raised, and hopefully we'll have time to discuss the substantive issues because I do think they're important. It's important to emphasize these were distinct administrative matters in the main bankruptcy case. These were not issues that were raised or could have been raised in an underlying trial or an adversary proceeding. This is not like a motion to intervene that you would make in an adversary proceeding or trial. These are administrative matters that can only be raised to the judge in the bankruptcy case. So because of that, we have to look at whether these are a final resolution of that administrative matter and whether that's the proceeding that we should use as the measurement for finality. And I did want to give the Court a cite, which I found after I saw the inquiry. It's In Re US Baby, Inc., 424 Fed APPX 558. It's a Seventh Circuit case from Judge Posner. Kagan. Sorry. Sorry. Could you do that again? 424 Fed APPX 558. Thank you. It's a Seventh Circuit decision from Judge Posner. That's unpublished? It's unpublished. And what year was it? In the course of our rule on citing unpublished dispositions. I understand. But I just wanted to let you know that there is a case out there, a Circuit-level case. That they didn't feel deserved publication. That's correct. And what's the year of that case? 2011. So is it before our decision, Gugliuzza? Yes, it is. And it's pre-Bullard. Pre-Bullard. So, I mean, Bullard changed. We had very, very flexible finality rules before Bullard also. And we thought Bullard changed the landscape in some significant ways to say it has to, the decision has to fix the rights and obligations of the parties, alter the legal relationships, and the like. Correct. I mean, as I look at this, the trustee as the representative of the state had authority over the fraud claims before the ruling and after the ruling. So the ruling really didn't alter any status quo or change the legal status. I mean, I can understand a better argument for once the trustee decided to dismiss the fraud claims. But just a decision not to allow a third party who's not a representative of the state to have the claims, hard for me to see how that meets the standard in Bullard and Gugliuzza. So maybe you can address that. Sure. Both in Gugliuzza and Bullard, if it fixes the rights of the parties and there is no subsequent final order that could be appealed from, it has to be the final order. I agree. But you appealed the dismissal of the claims, right? That's unappealed? That's correct. Just knock it here. But we could not. Let me give the Court a counterfactual to illuminate this. Okay. It's important. This complaint, the underlying complaint, was filed in state court. It's happenstance it was removed to the bankruptcy court. So let's just assume it was still Was it happenstance? It was filed after the bankruptcy case had opened, right? The complaint was filed in state court. The state court had concurrent jurisdiction. But to Judge Acuda's point, it was filed after the bankruptcy action was underway. That's correct. And affected the bankruptcy action, so it was properly removed to the bankruptcy court. I'm not disputing that. What I'm saying is the What I understand the remand, the denial of the motion to remand is also on appeal along with the dismissal. It is. It is. But I just want to point out why these issues can't be raised on appeal from the dismissal. Okay. Just imagine the complaint was still in state court. The state court had jurisdiction to rule on whether somebody had standing to bring the lawsuit. But the state court could not grant relief under 554B. The state court could not authorize Mr. Morabito to bring a claim on behalf of the estate. He didn't have standing, right? I mean, it wasn't his case. So basically he raised a case in state court for which he lacked standing. Isn't that the at least that's the argument. That would be an argument that could be adjudicated in the underlying trial proceeding. That's correct. But the relief that Mr. Morabito requested in the main bankruptcy case as an administrative matter, Judge Morabito is saying, assume I don't have standing to bring this lawsuit, Judge, you have the power to authorize me to bring this lawsuit in one of two ways. You can either compel abandonment under 554B or you can authorize me to bring it on behalf of the estate. But the claims were property of the estate, and so under the code, the trustee was the only representative. So I guess I'm not understanding. Certainly there was discretion, potentially discretion under the code, to authorize some third party to take the claims. I don't want to confuse the substance with your appellate jurisdiction. Okay. An appeal from an administrative matter under 554B, a denial of a motion to compel abandonment, this is a broader question than our lawsuit, or a denial of a motion for authority to stand in the shoes of the trustee and bring an action, has to be a case where the bankruptcy judge has exclusive jurisdiction under 28 U.S.C. 1334A. It cannot be raised in the trial proceeding. In fact, if you look at Federal Rule of Bankruptcy Procedure 7011, a motion to compel abandonment under 554B is not an adversary proceeding by statute. So how does that fit with or map on to the Bullard-Guglielz standard for what's altering the status quo and fixing the rights and obligations of the party? I can answer that. Okay. So in the typical situation, a denial of a motion to compel normally would be interlocutory. If the bankruptcy judge, if a debtor comes to the judge and says, Your Honor, my home has no equity, make the trustee abandon that property so I can have it and have my property back, if the judge denies that, that normally can be without prejudice. The judge could say, Look, under the facts of the case, looking at valuations, I believe you have improved your case. You can come back tomorrow. That's clearly an interlocutory order. You would not have appellate jurisdiction. That would not be a final order. But in this case, it is clear as day. The bankruptcy court said, This is my final decision. There is no room to come back to me. I am specifically denying your motion so that the trustee can dismiss these cases. Well, there's two. There's, right? Are you now talking just about abandonment? I'm talking about both. Both. The judge said, I'm denying your motion to bring these claims, and I'm denying your motion to abandon these claims, because I am going to dismiss, authorize the trustee to dismiss these claims. Therefore, there was no contemplation that there was going to be a subsequent or potential for a subsequent order where we would have the opportunity to raise these questions and then appeal from that subsequent order. So if you win on your appeal that the bankruptcy court erred in allowing, granting the trustee leave to dismiss, because there's a mootness argument that's raised by opposing counsel, but say you won on that, then I suppose are you saying you couldn't go back to the court and ask for abandonment, renew your motion for abandonment? I'm saying the opposite. I could not appeal the dismissal. You could appeal the dismissal. I could not. I could. I would. It would be moot. If I, if the dismissal order got entered and there was no appeal from this order, then I think I would be moot from furthering that appeal to dismissal. If this, I would have no opportunity to raise this issue that we had standing. So if we decide against you, then your appeal of the dismissal is moot. Is that what you're telling me? We have filed, we filed a motion in the, to the Ninth Circuit in the other appeal asking to stay briefing, because we believe that this, the adjudication of this appeal will almost certainly be determinative of that appeal. The only reason we filed the second appeal is to make sure that this appeal was not moot. And why does that moot the, I guess I'm not following that. Why would, if you lost on this appeal, why would that make your appeal of the dismissal moot? Because what judge, the bankruptcy court ruled with the dismissal was that these were estate claims. If they were estate claims, and then we as, we as the debtor would not have standing. We're not a party to those litigations. We don't have standing. We can't prosecute them. Right. So that's why it seems odd that you've asked to, to hold up that case, because it strikes me if you lose on that case, then that really does moot your standing argument here. It just seems to be the other way around. It may not. I tend to think that the standing ruling may have been final, but it also may be mooted by the other appeal. This is the quintessential example when you look up in the dictionary why we don't do these litigation piecemeal, there's going to be this case. Let me say this. I don't disagree this is a procedural conundrum. It's very inefficient, counsel. Let me say this. When these were both pending at the BAP, they were pending at the BAP at the same time, you can go look at the docket. You mean these two or you mean this and the dismissal? This and the dismissal. Okay. They were both pending at the BAP at the same time. We made a motion to the BAP to stay oral argument on this appeal to let the other appeal get fully briefed so they could be heard at the same time, and the BAP denied that motion. Okay. We thought, we agreed these should be, these should be heard together. That was our position. But the BAP said no, and we have to proceed. Where is the other appeal? The appeal of the dismissal is at what stage in the briefing or the, is it calendar? The, what's, the notice of appeal is filed, the designation of record and statement of issue has been filed, and there's a pending motion to stay briefing. The time to file the brief expired, and that, there's a pending motion. Because we can't really, we can't really brief the other issue until we know what happens in this appeal. Because if we don't have standing, if we don't have standing, then I don't really know what, how we can argue that we have prejudice by dismissal. I guess I, I have not looked at, I don't know if there was briefing on this issue, but help me understand why, as a interested party in the bankruptcy estate, you couldn't appeal the dismissal of these claims. Because it seems to me when I've looked at these bankruptcy cases, everyone gets to appeal everything. And I don't want to be, this would be a judicial omission against me, but there's a pecuniary interest standard. The appellant has to have a pecuniary interest in the appeal. So, so. Well, if your, if your theory, though, is correct about this fraud, let's say that, that your fraud, the fraud claims were winning claims. And then the major debt against the estate would, the $80 million would, would go away. And so obviously there's a pecuniary interest in, in your client's case. If these claims are, if the record is these claims are worthless and have no chance of success, then we as the residual interest in the bankruptcy estate, a court could say we don't have an economic interest. But, but that's the, that's begging the question of the, your dismissal appeal. Because I guess the claim is the trustee shouldn't have dismissed those claims because they did have value. Well, there's a lot of reasons the court should not have, there should not have been a dismissal of those appeals. But without standing to bring those claims, without standing to bring those claims. Okay. We don't know that. We have a problem. We have a problem being a party to that. Right. It hasn't been adjudicated that you have no standing to bring those claims. So we don't know that. Well, it has been adjudicated. That's the problem. This, the bankruptcy judge. It's been determined that you don't have the right to prosecute those claims because the bankruptcy court didn't give your client the right to prosecute them, which is different than saying you have no standing to appeal the dismissal. I see my, we've, we've, we've exhausted a lot of time talking appellate jurisdiction. And I, I have a feeling where I know this court is going to go. But I, I do want to just address the substance for a remaining time. Okay. And hopefully I have a little bit of time for a rebuttal. And that is, understand, and I'm not sure it's clear from the record, this motion to compel abandonment or prosecute was unopposed by the trustee at the time. If you read their brief, what the bankruptcy trustee said was we only oppose abandonment if there is, the court finds there's value to these claims, by implication saying if there is no value, they didn't oppose abandonment. And if there was value, we support Mr. Morabito being allowed to bring the claims. So that was the record. And the court decided they were not colorable claims. That's correct. And I just want one last, one last cite. The court and the appellees cite a case called In Re Vu frequently, which the Ninth Circuit Bath case, and it's referenced in the briefs, which said that compelling abandonment is the exception and not the rule. I just want to read a quote from Vu itself. Because debtors did not establish by preponderance of the evidence that the property was burdensome or of inconsequential value and benefit to the estate, the court did not abuse its discretion in denying the motion. You have to find that there's value to the estate in order to deny the motion. That's their best case. And that's what the BAP said in Vu. So on the substance, really this notion that just because it's got no value, therefore the judge has the discretion to dismiss it instead of compel abandonment is just wrong. And it's just, there's just no precedent for it. I will sit down and hopefully have a little time for rebuttal. We'll give you a minute for rebuttal. Thank you. Okay. Good morning, and may it please the Court. My name is John Murtha, and I represent the trustee, William A. Leonard, trustee in both of the Chapter 7 cases. It's my intention to take about eight minutes, eight to ten minutes, and reserve the remaining time for Mr. Gordon, who represents the Herbst parties. I want to address the jurisdictional issue because I think it is a problem. It presents a big problem in this case. And it's embarrassing that it wasn't discovered sooner. It wasn't discovered in our brief writing, and it wasn't discovered at the BAP level either. The Court clearly is very familiar with the Bullard and Gugliusa cases, which basically says that for an order to be appealable, it has to be finally disposable of a discrete issue within the larger case, or to put it another way, that it fixes the rights and obligations of the parties. And in Bullard, the order denying the Chapter 13 plan, according to the U.S. Supreme Court, was not final because the debtor had the right to pursue another plan at another day. In the Gugliusa case, for this case, the matter had been remanded by the BAP regarding some Federal Trade Commission actions, and it was remanded for factual findings on whether the debtor, the individual debtor, had the intent to deceive. And this Court interpreted Bullard as requiring an alteration of the legal relationships among the parties. For it to be a final order. It also said that orders are technically final only when they finally dispose of a discrete dispute within the larger case. So why doesn't that apply to 18-6002? Because, Your Honor, the debtors did have the ability to file a subsequent motion for abandonment. The debtors did have the ability to file a subsequent motion for authority to proceed with the case if they felt that the trustee was not doing what the trustee needed to do. It's effectively... I think you're lumping them both together, right? That's 02 and 03. Are you treating them the same? Yes, I am, Your Honor. Okay. I'm just suggesting, I'm wondering if that's right, because I don't think you need to persuade me about 03, and I'm just wondering about 02. I tend to think 02 may be mooted by the separate appeal about the dismissal, and maybe we're just dancing on the heads of a pin here. But I'm not sure they're the same. I can see that, Your Honor. I see that with the 02 with the dismissal, I mean, that makes a difference here. It could potentially make a difference. And as was mentioned earlier, this is really the epitome of why we don't do piecemeal appeals. Right. So in 02, it seems to me, for example, since there's a separate appeal pending about dismissal, and that would certainly moot 02, one thing we could do is just wait on 02. But on 03, it seems to me you have a much stronger argument about that the ruling about compelled abandonment does satisfy the Bullard test, I think. Perhaps, but the problem, I think, Your Honor, is that the appellants decided to take an appeal of the abandonment order and the motion for authority. They made that conscious decision. Right. And when the final dismissal was noticed by the trustee, they then decided to take a second appeal. That is when they should have included these issues as issues on appeal, when the final order was entered, the dismissal of the case. They didn't do that. They've created a conundrum, and we've got ourselves a dilemma here. But from my perspective, fortunately, it's not my dilemma. I didn't create this problem. The appellants decided to take this appeal, take their bite at the apple, and then when the final order, the dismissal, the final order resulted, they could have added these issues in their statements of issues on appeal as a protective measure, as a precaution. But they didn't. Instead, we now have the situation where we have two appeals pending. And it was which appeal goes forward? Which appeal is the appeal that should be decided regarding these issues? And I think the fact that there was further action in the case, which was the notice of dismissal by the trustee, which prompted the second appeal, is good evidence and reason why we don't have these piecemeal appeals. And with the Bullard and Gugliusa standards, there was no finality here. And as mentioned before, these issues could be requested again by the debtors. And I don't understand the distinction that Mr. Shimano makes about an administrative matter. This is not just an administrative matter. We're talking about standing. We're talking about who has the authority to prosecute these claims or to decide what to do with these claims. So opposing counsel says if he loses on this appeal and we affirm the bankruptcy court's decision that it didn't err in not allowing a derivative claim, not compelling abandonment, then this appeal, his client wouldn't have standing to prosecute the appeal of the dismissal of the fraud claims. Do you agree with that? I don't necessarily agree with that, Your Honor, although that's against my client's interest. If this court were to conclude that the bankruptcy court's decision and the BAP's decision was appropriate, I think there is still the possibility that the other appeal could go forward, notwithstanding the fact that it's a second bite at the apple. And so Mr. Morabito and the company have a sufficient interest in the dismissal of those fraud claims, that they would be able to prosecute that appeal? Well, they've been prosecuting the appeal. And again, this puts us in a real tough situation. I mean, why should I have to admit or go against my interest and say they can pursue that other appeal when this appeal either takes care of it or it doesn't, or this court doesn't have jurisdiction? And if this court decides it doesn't have jurisdiction, then the other appeal is still there. So if the dismissal of the claims you had mentioned, what they should have done was included these two, the appeals that are currently pending before us, would that, taken as a whole, be a final order that we could consider, or would we have to differentiate between them? I'm sorry, I didn't quite understand. So in other words, our jurisdiction is over final order. So you can't just add two interlocutory items onto your appeal and say, well, you also have jurisdiction over one, you have jurisdiction over all. We can't do that. No, I don't think so. You know, they had the ability when they filed the notice of appeal following the dismissal to add these issues. They didn't. But would we have jurisdiction to consider those issues in that context? That's my question. This court, this appeal, or the other appeal? Let's say that we're opposing counsel, took your advice, and when they appealed the dismissal of the fraud claims, they said, and also consider the orders by the bankruptcy court denying our motions to compel abandonment and for derivative status. Would we have jurisdiction to hear those two additional issues? You know, I think the answer is no. And the reason is that those issues weren't raised at the BAP. What difference does that make? The BAP is sort of a tangent. The jurisdiction came out of the district court. Let me ask you, you call it another appeal. Where is that other appeal now? The second appeal, which is the appeal of the dismissal by the trustee, is before this Ninth Circuit under a different case number. Okay. And what you're saying is that they need to be heard together. It's very simple. If it's before us, if it's in our court, we can order that appeal to be joined with this appeal, and we can decide them both. I believe that would be an option for the court, yes. There is that possibility. There is that possibility. It seems a probability. I don't see. It seems to me that this, that if you're right, that we have no appeal in us without the other, and the other is sitting in our court, and this is a panel of the court, we can order that that appeal be joined with this appeal and finish it off, if this is a problem. I'm not sure it is, but if you're right it is a problem, it's easy to solve it. I don't disagree with you, Your Honor. Okay. That, I said possibility, you said probability. I think I know who wins. Well, I'm only one-third of the panel, but it strikes me that we're spending an inordinate amount of time that could be easily solved so that there'd be no complaint, if this is a problem. Yeah. My only concern with that, Your Honor, is that the appeal, the other appeal that's pending before this court under a different case number, had discrete issues that were decided by the BAP. And, you know, they've not been briefed yet. And we had a different BAP panel deciding this case. I don't, the BAP is, the BAP is not, the case itself comes from the bankruptcy court. Yes. And if the BAP makes a decision, it doesn't make any difference. We still take the appeal from the bankruptcy court. Oh, yes. So the BAP is not a problem. I hasten to say we respect the BAP's opinions quite a bit. Yes. But this isn't, we could handle the, I don't think you need to worry about the housekeeping. Okay. To Judge Wallace's point, we know how to consolidate cases and appeals. Okay. So. So the court's very, fully familiar with the jurisdictional issues. Unless there are any questions regarding the specifics in the briefing about the abandonment or the authority to prosecute the substantive matters, I would allow Mr. Gordon to come forward for his two minutes or three minutes worth. Thank you, Your Honor. May it please the Court. I represent the Herbst parties who were the defendants in the lawsuit. I'd just like to cover a couple overarching points. We obviously, the briefs have set forth, especially our brief, all the factual standards. The court, bankruptcy court, entered an extensive decision on the law and the facts. I'd like to just remind the Court the following. The litigation commenced by Mr. Morbido in the State court was, as he admitted, causes of action belonging to the estate. Did he fight, when he went back to State court and refiled, forgive me for interrupting, but didn't he file in both capacities, his individual capacity and all that? Yes. Okay. Yes. Okay. I'm sorry. And what he claimed was the judgment that was entered in 2010 was fraud in the inducement by the Herbst. Right. But I'd like to remind the Court of the following. That judgment was vacated by a settlement agreement entered into in 2011 between Mr. Morbido and C&C and the debtors. I'm sorry, and the Herbst parties. And as part of that settlement agreement, he agreed to a confession of judgment. Right. And so that's the part of this that seems to me to be upside down and backwards, because the judgment is gone. He's agreed to the settlement. Is there a claim that the settlement agreement was induced by a fraudulent spreadsheet that was presented in the trial, or? No. And then I think the allegation is he defaulted on the payments owed pursuant to the settlement, and you filed the confession of judgment, and here we are. But to kind of scoot you along, since your time is ticking, what's? Yes. No. And I'd like to say everything in this case is a no with an asterisk, okay, with a footnote. Everything was what? With a footnote or an asterisk. Okay. And that's just going back. So Mr. Morbito, under penalty of perjury, signed off on the confession of judgment, and the confession of judgment repeated every single factual finding by Judge Adams in the State court proceeding. Well, no, right. And isn't that his allegation, that all of that was the product of a fraudulent forensic evaluation? It's his allegation that that was all part first, he alleged, as we noted in our pleadings and cited to it, that the initial judgment was entered because Judge Adams sought a bribe. That went by the wayside. Now he claimed later on, and I'm going to the other proceeding, that the Herbst that he knew, the Herbst knew that he knew when he signed the confession of judgment he didn't mean it. I just have to ask, was the State court trial a bench trial or a jury trial? Bench trial. Okay. Two-week bench trial. Okay. So what we have is, we have an attack on a judgment that's vacated. Right. I'd just like to make one more point, and that is, Mr. Morbito is claiming that, as he sets forth on page 7 of his reply brief, of his reply brief, to repeat, the debtor's proposed standard, because any claim not prosecuted by the Chapter 7 must be abandoned to the debtor in an individual Chapter 7. The trustee's justification for not prosecuting and whether the claim is colorable are irrelevant. The only question, if the Chapter 7 trustee elects not to prosecute the claim and the debtor is willing to prosecute on behalf of the estate, is whether there is any good reason to deny the debtor permission to prosecute on behalf of the estate. We believe the record was clear before the bankruptcy court that there was absolutely good reason not to prosecute. From the standpoint of the prosecution, it exposed the estate to liability to the Herbst parties for wrongful prosecution, because what's happening is the derivative action, Mr. Morbito is representing the estate. And for all the reasons set forth in the pleadings, the Court, and in the findings by the Court, the Court found that to be a compelling reason not to allow. As far as abandonment is concerned, the same type of approach. The cases cited, Haupt and Meyer, talking about this, basically come down to the following. Is the trustee prepared to administer that action? And in this case, the trustee was. For all good reason, the trustee determined the administration of that was to keep those and dismiss them. Okay. Please wrap up. Thank you. Okay. We'll give you a minute for rebuttal. Very briefly, I hear where the Court's going. I would just request that you make the determination simply to consolidate these two appeals. It would be very problematic to hold that you do not have appellate jurisdiction from an order entered in the main bankruptcy case because there's a subsequent order in an adversary proceeding. That before you make a ruling like that, you really need to think that through because that would be very problematic. I would simply – I understand the problem we have here. I'm sympathetic. When we made the motion to stay briefing on the other appeal, we could have made a motion to consolidate, but I elected to make a motion to stay the second appeal and go forward. But I have no problem with consolidating the two appeals. I think that would solve your problem and avoid unnecessary problems. Okay. The case of Paul Morabito and Consolidated Nevada Corporation v. J.H. Inc. is submitted. And with that, we're adjourned for this session. All rise.
judges: Wallace, Ikuta, Christen